# Incorporation of the Matki Boski Bolesne Polish National Catholic Church.

*Corporations—Charter—Names—Confusion of names—Church charter—Discretion of court.*

The appellate court will not review the discretion of the Court of Common Pleas in refusing to grant a charter to a church congregation where the name of the corporation is designated as "Matki Boski Bolesne Polish National Catholic Church," where it appears that there had been a Roman Catholic Church in the same town, known in community parlance as the Polish Catholic Church; that the purpose of the application was to secure the incorporation of a schismatic body which had received the censure and condemnation of the constituted authorities of the Roman Catholic Church; and that the granting of such a charter would lead to discord and strife in the community and to controversy effecting title to real and personal property.

Argued March 7, 1917.   Appeal, No. 31, March T.,

1917, by Martin Kristula from order of C. P. Luzerne Co., May T., 1916, No. 34, refusing application for charter In re Incorporation of the Matki Boski Bolesne Polish National Catholic Church. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Application for charter. Before FULLER, J.

The application for the charter contain inter alia, the following articles, viz:

"1. The name of the proposed corporation is the Matki Boski Bolesne Polish National Catholic Church and Congregation of Dupont, Pittston Township, Luzerne County, Pennsylvania."

"2. The purpose for which the corporation is formed is the worship of Almighty God in accordance with the doctrines of Jesus Christ as contained in holy writ and expounded by the Polish National Catholic Church of America."

"6. Any property, real or personal, which shall hereafter be bequeathed, devised or conveyed to said corporation, shall be taken and held to inure to it, subject to the control and disposition of the laymembers thereof or constituted officers or representatives thereof as shall be composed of the majority of lay members."

The objectors were the Right Reverend M. J. Hoban, Catholic Bishop over the Diocese of Scranton, together with the rector and five members of the Sacred Heart of Jesus Polish Catholic Church of Dupont.

The evidence is summarized in the opinion of the Superior Court.

*Error assigned* was order refusing application.

*Benj. R. Jones,* for appellant.— The use of the words "Polish" and "Catholic" when employed in a religious sense do not belong solely and exclusively to the Church of Rome: Polish Natl. Catholic Church of St. Francis,

493, (1917).] Arguments—Opinion of the Court.
31 Pa. Superior Ct. 87; Hear v. DeGoesbriand, 33 Vt. 593; Dolan v. Mayor of Baltimore, 4 Gill (Md.) 305.

We earnestly contend that the appellants as Polish Catholic are entitled to a charter under the name set forth in their application.

*Frank P. Slattery,* with him *T. B. Hoban,* for appellees.—A charter will not be granted to a corporation with a name so similar to that of an existing corporation as to lead to confusion: First Presbyterian Church of Harrisburg, 2 Grant 240; Bradley Fertilizer Co., 6 Dist. 423; West End Co., 27 Pa. C. C. R. 641; Maccabee Societies, 27 Pa. C. C. R. 651; First Baptist Church, 3 Hazleton, Pa., Reg. 225; Philadelphia Artisans' Institute, 8 Phila. 229; Burton's App., 57 Pa. 217; In re Sons of Progress, 14 W. N. C. 31; In re Incorporation of St. Stanislaus Polish National Reformed Church, of Scranton, Pennsylvania, 4 Lack. Jur. 21; Charter for the Nether Providence Assn., 12 Pa. C. C. R. 666.

OPINION BY ORLADY, P. J., July 13, 1917:

The only assignment of error in this appeal is the refusal of the court below to approve the petition and certificate of incorporation of the appellant. The reason given was that the proposed name was such, that there would be an undoubted tendency to mislead many of the persons living in the immediate neighborhood of the proposed church as to its ecclesiastical character. The testimony clearly shows that the petitioners' application for the charter is made by persons of Polish birth or descent, who formerly were in communion with the Roman Catholic Church, and that the manifest purpose is to secure the incorporation of a schismatic body which has received the censure and condemnation of the constituted authorities of the Roman Catholic Church. The evident effect of this would be to mislead and delude Catholics of Polish birth and descent, into the belief that the proposed association is a Roman Catholic congrega-

tion. · For a number of years past there has been a Roman Catholic Church in Dupont called and known in community parlance, as the Polish Catholic Church, the reason being that many of its members are natives of or emigrants from the Kingdom of Poland.  The words "Polish National" in the proposed title are misleading, in as much as they imply ecclesiastical relation with the Roman Catholic Church,—while in this country there is not and cannot be a national church, in the sense of a church recognized or established by law.  The evidence as clearly shows that the main purpose of this application is to have legal recognition of the title Polish National Catholic Church.

The court was of opinion, and in this conclusion we fully concur, that the granting of a charter under the name proposed would have the pernicious effect of creating confusion, discord and strife in the community, and that grave controversies would likely arise, affecting title to real and personal property, which should always be avoided.

The question has been presented to this court in a number of cases, and in every instance we have held that the similarity of names to that of another corporation was a matter eminently proper for consideration by the court, to whose sound legal discretion the application was addressed.  The weight to be given such argument depends upon the local conditions, and in this case the proceedings in the court below are free from irregularities; the question of fact raised thereby is an order that the court had discretionary power to make upon due consideration of the pertinent facts and circumstances, and we have always held that such an order is not reversible upon appeal except for abuse of discretion: African M. E. Union Church, 28 Pa. Superior Ct. 193; Philadelphia Lying-In-Charity v. Maternity Hospital, 29 Pa. Superior Ct. 420; Polish National Catholic Church of St. Francis, 31 Pa. Superior Ct. 87.

493, (1917).] Opinion of the Court—Concurring Opinion.

For the reasons given in the opinion filed by the learned judge of the court below, the decree is affirmed.

CONCURRING OPINION BY KEPHART, J.:

I rest my concurrence on the order approving or confirming the decree of the lower court on the ground that the name would have a tendency to confuse or make uncertain the ownership of real estate or a bequest given to an organization bearing the name applied for, with similar organizations or churches now in existence in that community. The court below did not abuse its discretion in refusing to approve the name.

The other findings of fact referred to I think unnecessary to a determination of this case.

HENDERSON and WILLIAMS, JJ., dissent.